**ERIC BRATTSTROM, Plaintiff**

v.

**IK JUN YOON, Defendant**

Civil No. 970-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 26, 1971

SIDNEY A. COHEN, Attorney, St. Thomas, V.I., *for the plaintiff*

FRANCISCO CORNEIRO, Attorney, St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

## JUDGMENT

This is a suit to recover $1,400.00, the amount of the last installment on a roofing contract. The defendant has counterclaimed for $2,600.00, the amount which he previously paid on the contract and also for other compensation as damages he allegedly suffered as the result of the plaintiff's alleged breach of contract. The matter was heard on March 31, 1971 and April 14, 1971 with Sidney A. Cohen, Esq. representing the plaintiff and Francisco Corneiro, Esq. representing the defendant. After the hearing of the testimony of the witnesses and studying the exhibits in evidence, the Court makes the following:

## FINDING OF FACTS

1. Late in June 1969 the defendant, who was having problems with a leaking roof at his residence at John Dunkoe, entered into a written contract with the plaintiff, a contractor, who agreed to replace the defendant's existing aluminum roof with corrugated galvanized roofing for a compensation of $4,000.00.

2. The type of roof called for in the contract was a recommendation of the plaintiff. While the plaintiff did testify at trial that this type of roof will ordinarily leak to some extent when first put on, he never apprised the defendant of this fact until the job was nearly completed.

3. The work commenced approximately June 28th and the plaintiff subsequently received two progress payments totaling $2,600.00.

4. In order to avoid undue exposure to the elements, only a small section at a time of the existing roof was replaced with a new roof. Despite this precaution the defendant experienced on a number of occasions serious leaks over portions of his house where the new roofing material had already been placed. In fact, toward the end of the contract

198

period after all the new corrugated galvanized roofing had been put on, the defendant was still experiencing heavy leaking.

5. On or about July 22, 1969, when over 95% of the plaintiff's work was completed (the plaintiff himself testified that at this time all that was left to do was caulking, sealing, and miscellaneous work), the defendant who was dissatisfied with the work told the plaintiff to stop work and leave his premises.

6. Had the plaintiff been permitted by the defendant to finish work on the roof, the defendant's house upon completion of the job would still have been far from watertight.

The Court, from the expert testimony presented to it, finds that the following were among the chief reasons for the defendant's continuing problems with roof leakage:

a) This particular roof was totally unsuitable for the particular roofing (corrugated galvanized) that was put on. The roof had a very low slope and its interior gutters which were inadequate in size would cause water during a rain to overflow and enter the house via the corrugations into which it would seep.

b) Contributing equally with the above to the leakage problems was the poor workmanship of the plaintiff with respect to the installation of the defendant's roof. Expert testimony showed that the alignment of the corrugations was not good; there was not enough overlapping of the corrugations; and holes caused by nails which were withdrawn when they failed to reach their mark, also contributing to leaking.

7. As the result of the leaking which the Court, from the expert testimony presented, finds was not feasible to correct, the defendant was forced to have a totally new, different roof (a Desco roof) installed by another contractor at a cost of over $7,000.00.

## CONCLUSIONS OF LAW

1. The plaintiff materially breached his contract with the defendant in failing to provide him with a roof that would keep his house reasonably free of water during rain.

2. By not furnishing a roof to the defendant free from leaks, the Court finds that due to the relative position of the parties to this contract, the plaintiff in effect breached an implied warranty of fitness (see 11A V.I.C. § 2—315 for the analogous warranty under the U.C.C.).

3. The measure of damages for this breach of warranty is the difference between the value of the work tendered (the Court finds this to be worthless) and the value it would have been had it been tendered as warranted ($4,000.00). Since the defendant paid $2,600.00 of the contract price, his recovery will be limited to this amount.

4. The burden of proving other damages allegedly suffered by defendant to his personal property as a result of the breach of contract by the plaintiff was not met by the defendant.

Judgment will be entered dismissing the plaintiff's complaint and in favor of the defendant on his counterclaim in the amount of $2,600.00 with costs of $7.00 and attorneys fee of $200.00. The clerk will enter judgment accordingly. Execution stayed for ten (10) days.